This controversy arises under § 853, Comp. Laws 1913, which provides: "Every candidate for United States senator, member of Congress, state officers, judge of the supreme and district courts, shall not more than sixty days nor less than thirty days prior to said primary election, present to the secretary of state a petition giving his name . . . and the party which he represents, containing the names of three per cent of the total vote cast for the candidate of the party with which he affiliates, for the same position at the last general election; provided, however, that in no case shall more than three hundred names be required." As stated in the majority *Page 280 
opinion, the sole question presented for determination is whether the relators here complied with the provisions of this section and presented their petitions to the secretary of state not less than thirty days prior to the primary election appointed to be held June 30th, 1926. The matter was submitted to the court upon the application for the writ of mandamus and the respondent's return thereto.
The majority opinion contains a fair and accurate statement of the facts relating to the transmission of the petitions to the secretary of state, the delivery of the package containing these petitions by the express company at the state capitol, and the receipt for such package by a clerk in the office of the board of administration. I desire to supplement the statement in the following particulars: It does not appear from the petition or the writ that it was customary to transmit nominating petitions to the secretary of state by express, or that any other nominating petitions were ever so transmitted, or that any such petitions were ever receipted for by the board of administration or any of the employees thereof. On the contrary, the secretary of state, in his return, specifically avers: "That this affiant has at no time in writing or orally authorized the board of administration, its members, or employees thereof, to act as his agent for the purpose of receiving packages from the express companies; that he has given no thought to the same, but that it has never occurred to this respondent that the said board of administration, its members and employees, were not acting for the accommodation of the express companies in so doing; that the express packages which come to the secretary of state's office are customarily and usually of minor importance, and as a rule instruments and documents for filing are presented to the respondent by other means than through the express company; thatno petitions of candidates to have their names placed upon theprimary election ballot at the coming primary election ascandidates of any party have been received by express with theexception of the ones in question in this case; that all othershave been presented in a different manner."
The secretary of state further avers that the petitions in controversy were contained in "a large package so wrapped and of such appearance that it would not give to the members of the Board of Administration and its employees any notice or knowledge that the same contained petitions such as were therein." *Page 281 
The requirement of our statute that every candidate for state office shall present his nominating petitions to the secretary of state within a certain prescribed period of time is mandatory. 20 C.J. 115. And compliance therewith is essential by any one who desires to become a candidate at the primary election. The mandate of the statute is: Every candidate for nomination at a primary election for a state office "shall, not more than sixty days nor less than thirty days prior to said primary election, present to the secretary of state" a sufficient nominating petition. When such petition is presented to the secretary of state, within the time prescribed by the law, it becomes the duty of the secretary of state to receive the petition and have the name of the candidate placed upon the primary election ballot. The duty thus devolving upon the secretary of state is an official one. The pertinent question in this case is: "Have the relators established that they presented to the secretary of state sufficient nominating petitions within the time prescribed by § 853, supra?" In my opinion this question should be answered in the negative.